IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NARVELL JOHNSON                                                                           PETITIONER
ADC #95321

V.                                       NO. 5:09cv00032 SWW-JWC

LARRY NORRIS, Director,                                                                RESPONDENT
Arkansas Department of Correction

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Narvell Johnson, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2), challenging the constitutionality of Arkansas's aggravated robbery statute. For the reasons that follow, the petition should be **denied**.

I.

Petitioner has state criminal convictions arising from two separate cases in the Circuit Court of Pulaski County, Arkansas.

In May 2004, he was convicted in Case No. CR-03-3293 of aggravated robbery and theft of property, receiving a cumulative sentence of 240 months. (Resp't Ex. 1 [doc. 5-2].) In a direct appeal, he argued that the evidence was insufficient to support his aggravated robbery conviction because the state did not prove that he was armed with a deadly weapon or that he represented by word or conduct that he was so armed. The convictions were affirmed. *Johnson v. State*, No. CACR 04-1352, 2005 WL 2093091 (Ark. Ct. App.

Aug. 31, 2005) (Resp't Ex. 3 [doc. 5-4]). On November 23, 2005, Petitioner filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, which was denied as untimely. (Resp't Ex. 5 & 6 [docs. 5-6, 5-7].) The Arkansas Supreme Court affirmed the Rule 37 denial, stating that the petition had been filed two days late, *Johnson v. State*, No. CR 06-150, 2006 WL 728807 (Ark. Sup. Ct. Mar. 23, 2006), and then denied his motion for reconsideration, *Johnson v. State*, No. CR 06-160, 2006 WL 2839239 (Ark. Sup. Ct. Oct. 5, 2006) (Resp't Ex. 7 [doc. 5-8]).

In June 2004, Petitioner was convicted in Case No. CR 03-3342 of aggravated robbery, fleeing and theft of property, receiving a cumulative sentence of 720 months. (Resp't Ex. 2 [doc. 5-3].) In a direct appeal, he argued that the trial court erred (1) in denying a mistrial after hearing testimony regarding witnesses speaking to one another, (2) in denying a mistrial after trial counsel's status as a public defender was revealed to the jury, (3) in refusing to exclude evidence or grant a continuance based on a discovery violation, and (4) in admitting an audio tape into evidence that was not properly authenticated. These convictions also were affirmed. *Johnson v. State*, No. CACR 05-82, 2005 WL 2450192 (Ark. Ct. App. Oct. 5, 2005) (Resp't Ex. 4 [doc. 5-5]).

Petitioner asserts that, while housed in Lee County in November 2006, he filed a state petition for writ of habeas corpus in each of his cases in Pulaski County Circuit Court, but has never received notice of a ruling (doc. 10, at 2, 4-5).[1]  He says the petitions did not raise any constitutional issues and instead centered around showing actual innocence and wrongful conviction based on prosecutorial misconduct due to misidentification and

---

[1]He says this may be due to the fact that he had been housed at two other units since 2006 and his legal mail "never caught up to him" (doc. 10, at 4).

suppression of a videotape (doc. 10, at 2). According to the circuit court docket sheet for Case No. 03-3342, a state habeas petition was filed on November 8, 2006, and dismissed on November 16, 2006 (doc. 5-9, at 10). The docket sheet for Case No. 03-3293 was not submitted.

Sometime in 2007, Petitioner filed in the circuit court a motion for declaratory judgment, seeking a determination that the aggravated robbery statute, under which he was convicted, was unconstitutional. He argued that the statute was unconstitutional because it was not a complete statute and violated the Arkansas constitution by referencing the robbery statute in order to define certain criminal conduct, thereby creating confusion and uncertainty. His motion was denied, and Petitioner sought an appeal. The Arkansas Supreme Court denied relief, stating that the appeal would not be permitted to go forward because it was clear that Petitioner could not prevail. *Johnson v. McDaniel*, No. CR 08-404, 2008 WL 2057507 (Ark. Sup. Ct. May 15, 2008). The court stated:

> We find that appellant's declaratory judgment action was properly dismissed. In *Jegley v. Picado*, 80 S.W.3d 332 ([Ark.] 2002), we outlined four prerequisites that must be present in order for a declaratory judgment to be issued.[2] On appeal, the question as to whether there was a complete absence of a justiciable issue shall be reviewed de novo on the record of the trial court. *Id.* As presented, petitioner cited no legal foundation for his claim and thus did not demonstrate that a justiciable controversy existed. He misconstrued the language, purpose and application of Ark. Const. art. 5, § 23, which concerns the revival, amendment or extension of statutes. The provision however does not prohibit the legislative drafting technique of making a cross-reference to other statutes governing related matters. *See Austin v. Manning*, 231 S.W.2d 101 ([Ark.] 1950).

---

[2]The four prerequisites are: (1) there must exist a justiciable controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination.

> In *Austin*, the proposed legislation in question referenced the 13th Amendment of the Arkansas Constitution. We described the cross-reference in that case to be permissible and effective, and the use of a cross-reference in statutes generally to be common and uniformly upheld. *[Id.]* at 103. This type of permitted cross-reference is contained in the aggravated robbery statute, as well as numerous other criminal statutes. Petitioner here failed to establish the existence of a justiciable controversy or a legal basis for his claim.
>
> Also, it is apparent that the actual purpose for bringing the declaratory judgment action was an attempt to fashion a means to overturn appellant's criminal convictions, as he reserved right to obtain "supplementary relief" in relation to his convictions in the event that the statute was held to be unconstitutional. A declaratory judgment action is not a substitute for ordinary causes of action, and is intended to supplement, rather than supersede, those causes of action. *City of Fort Smith v. Didicom Towers, Inc.*, 209 S.W.3d 344 ([Ark.] 2005); *Martin v. Equitable Life Assur. Soc. of the U.S.*, 40 S.W.3d 733 ([Ark.] 2001). Moreover, such an action is not a proper means of trying a case or various issues involved in it on a piecemeal basis. *Boyett v. Boyett*, 598 S.W.2d 86 ([Ark.] 1980).

*Id.* at *1. The United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Johnson v. McDaniel*, 129 S. Ct. 191 (2008).

Petitioner now brings this federal habeas petition, advancing one claim for relief: Arkansas's aggravated robbery statute, Ark. Code Ann. § 5-12-103, violates the Due Process Clause of the Fourteenth Amendment as being void for vagueness because it fails to define any criminal activity, fails to give specific notice of what conduct is prohibited, and impermissibly delegates basic policy matters to police officers, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. He says the subject matter of the statute can be ascertained only by reading the aggravated robbery statute in conjunction with the robbery statute, which causes uncertainty and confusion.

In response (doc. 5), Respondent argues that the petition should be dismissed for two reasons: (1) as barred by the one-year statute of limitations applicable to federal habeas petitions, set forth in 28 U.S.C. § 2244(d); or (2) as procedurally barred because Petitioner failed to properly present his claim to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).

## II.

Petitioner insists that he is challenging only the constitutionality of the aggravated robbery statute itself and "has in no way challenged the constitutionality of his conviction" (doc. 2, at 2; *see* doc. 8, at 1; doc. 10, at 5-6, 8). He says it would serve the public's interest if this Court would review the constitutionality of the statute, as well as the state's enforcement and application of the statute, as the ambiguous statutory language continues to cause uncertainty and confusion, and selective application and prosecution. He says that he has presented this claim to the state courts through an action for declaratory relief, received an adverse decision on the issue from the Arkansas Supreme Court, petitioned the United States Supreme Court for review of the decision, and filed his federal habeas petition within one year of the date that the United States Supreme Court denied certiorari. (*See* docs. 8, 10.)

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**." 28 U.S.C. § 2254(a) (emphasis added). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional

function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

As he limits it, Petitioner's general attack on the constitutionality of a state criminal statute does not test the legality of his convictions or sentences or the validity of his confinement, nor does he seek release from custody that is alleged to be unlawful. What Petitioner appears to be seeking is a collateral, declaratory judgment determination from the federal courts as to the constitutionality of the aggravated robbery statute which, if successful, he and others presumably would use in later actions to attempt to invalidate their criminal convictions for aggravated robbery. That he cannot do.

The exercise of judicial power under Article III of the United States Constitution depends on the existence of a case or controversy. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Its judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* Federal courts have no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992).

In *Calderon v. Ashmus*, 523 U.S. 740 (1998), the United States Supreme Court addressed an issue analogous to Petitioner's. There, an inmate sought a declaratory judgment that a federal habeas petition he planned to file would not be untimely under the

applicable statutes. The Court held that no justiciable case or controversy under Article III was presented because the underlying controversy was whether the petitioner was entitled to federal habeas relief, and a decision by the Court would not resolve that controversy. *Id.* at 746. "Any judgment in this action would not resolve the entire case or controversy ..., but would merely determine a collateral legal issue governing certain aspects of their pending or future suits," and would "have no coercive impact on the legal rights or obligations of either party." *Id.* at 747, 749. The Court noted that the "disruptive effects of an action such as this are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding," allowing a prisoner to circumvent the requirements applicable to federal habeas petitions. *Id.* at 747-48. *See* 28 U.S.C. § 2244(d) (imposing one-year period of limitations), § 2254(b) & (c) (requiring exhaustion of all remedies available in the state courts), § 2254(d) (requiring deference to state court adjudications of claims); *see also Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009) (when petitioner fails to first raise his federal claims in state court in compliance with relevant state procedural rules, federal habeas review is procedurally barred); *Coleman*, 501 U.S. at 731-32 (same).

As in *Calderon*, the only underlying "actual controversy" between Petitioner and Respondent is whether his conviction obtained in the Arkansas courts should be set aside as being based on an unconstitutional statute, but Petitioner explicitly seeks no such final or conclusive determination. *Calderon*, 523 U.S. at 746. Instead, he has "carved out of that claim" a separate issue for adjudication regarding the constitutionality of the aggravated robbery statute and "seeks to have that question determined in anticipation of seeking habeas" relief. *Id.* at 746, 749.

Resolution of the controversy between Petitioner and Respondent can be had only through a federal habeas action, and then only after exhausting all state remedies and complying with all statutory requirements. *Id.* at 747-48 ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."). The law is clear that a prisoner cannot use a declaratory judgment action as an indirect way to challenge the constitutionality of the criminal judgment under which he is confined. *Waldon v. Iowa*, 323 F.2d 852, 852-53 (8th Cir. 1963).

Therefore, honoring Petitioner's framing of his claims as an abstract attack on the constitutionality of Arkansas's aggravated robbery statute, without reference to his underlying convictions, there is no justiciable controversy and this petition for relief should be denied on that basis.

Moreover, the Court should decline to construe this as a § 2254 habeas petition directly attacking any of Petitioner's state-court convictions. Substantial difficulties exist for state prisoners attempting to bring "second or successive" federal habeas petitions challenging their state-court convictions. *See* 28 U.S.C. § 2244(b)(1) (requiring dismissal of all claims presented in a prior habeas petition), § 2244(b)(2) (allowing presentation of new claims only under limited circumstances), § 2244(b)(3) (requiring petitioner to obtain permission from the appropriate Court of Appeals before filing a second or successive habeas petition). Because of these restrictions, criminal defendants generally have one chance to present all federal habeas claims related to their state criminal convictions. If the Court were to characterize this filing as a direct habeas challenge to his state criminal convictions, it might be Petitioner's only chance to assert any claims regarding those

convictions and sentences in federal court. *See Castro v. United States*, 540 U.S. 375 (2003).

Petitioner indicates that he is waiting on rulings on his state habeas petitions before he files a federal habeas petition challenging his convictions (doc. 10, at 4-6).[3] If, as Respondent argues, the petition as presently brought was filed outside the one-year limitations period, any later filed § 2254 petition logically would be untimely as well. However, the Court should not jeopardize Petitioner's opportunity to file a § 2254 federal habeas petition seeking to set aside his state court convictions, bringing all claims he desires regarding the convictions (including the alleged unconstitutionality of the applicable criminal statute), and fully developing his arguments to excuse any untimeliness.

Under these circumstances, the petition should be denied as failing to present a justiciable controversy, and the action should be dismissed without prejudice to the subsequent filing of a § 2254 federal habeas petition or petitions directly challenging Petitioner's state-court convictions.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied**, and this action should be **dismissed in its entirety without prejudice**.

DATED this 20th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] As stated, the circuit court docket sheet shows a ruling on one of the petitions.